UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLORIA JOHNSON,

      Plaintiff,                      Case No. 06-11827

v.                                Honorable John Corbett O'Meara

SEARS & ROEBUCK CO.,

      Defendant.

_____/

### OPINION AND ORDER GRANTING
### DEFENDANT'S FEBRUARY 8, 1007 MOTION FOR SUMMARY JUDGMENT

This matter came before the court on defendant Sears' February 8, 2007 motion for summary judgment. Plaintiff Gloria Johnson filed a response March 15, 2007; and Defendant filed a reply March 22, 2007. Oral argument was heard April 5, 2007.

### BACKGROUND FACTS

On April 4, 2004, plaintiff Gloria Johnson was a business invitee in the jewelry department at the Sears store at Eastland Mall. As she waited for a sales clerk to check on a ring she wanted to buy, Plaintiff twice sat in one of two (high) chairs near a jewelry display case. When the clerk left to write Plaintiff a rain check for the merchandise, Plaintiff attempted to sit on the second chair but fell to the floor instead. The chair slid backwards on the tile floor when Plaintiff attempted to boost herself onto the seat.

In her deposition, Plaintiff acknowledged, among other things, that she knew the seat was high, knew that the metal feet of the chairs were on a tile floor, and knew that she had to place her hand on the chair and boost herself up before attempting to sit on it. Plaintiff's dep. at 123, 133-34, 138, 151-52, 155, 157, 164-65, and 168. Days after the accident, Plaintiff went to another Sears

store in Allen Park and noticed that although the same chairs were used in the jewelry department, the chairs at the Allen Park store had rubber stoppers on the bottom, presumably to stop them from sliding on the tile floor.

Plaintiff filed this negligence action in the Circuit Court for the County of Wayne; Defendant removed it to this court based on diversity of citizenship.

## LAW AND ANALYSIS

Plaintiff's claim against Sears is premised upon Sears' duty to provide reasonably safe premises for its business invitees.  The Michigan Supreme Court defined the scope of that duty in Serinto v. Borman Food Stores, Inc., 380 Mich. 637, 640-41 (1968):

> It is the duty of a storekeeper to provide reasonably safe aisles for customers and he is liable for injury resulting from an unsafe condition either caused by the active negligence of himself and his employees or, if otherwise caused, where known to the storekeeper or is of such character or has existed a sufficient length of time that he should have had knowledge of it.

A storekeeper, however, is not an insurer of the safety of its customers but is under a duty only to use reasonable care to provide reasonably safe premises for its customers.  Williams v. Cunningham Drug Stores, Inc., 429 Mich. 495, 500 (1988).  The mere fact that a customer is injured does not constitute actionable negligence.  Winfrey v. S.S. Kresge, Co., 6 Mich. App. 504, 507 (1967).

In order to establish a *prima facie* case of negligence, the plaintiff has the burden of proving the following: 1) that an unsafe condition existed on the premises, 2) that the condition proximately caused the injury, and 3) that the unsafe condition was either caused by the storekeeper or that the storekeeper knew or should have known of the condition before the accident.  Whitmore v. Sears, Roebuck and Co., 89 Mich. App. 3, 8 (1979).

2

In this case Plaintiff has offered no evidence to establish that the chair was defective or *unreasonably* dangerous or that the condition of the floor in combination with the chair was *unreasonably* dangerous.   Furthermore, there is no evidence to support a finding that the chair, or the floor in combination with the chair, *caused* Plaintiff's injury.  Plaintiff's belief that rubber stoppers on the bottom of the chair legs, like those used in the Sears store in Allen Park, would have prevented her injuries is irrelevant.

In Bertrand v. Alan Ford, Inc., 449 Mich. 606 (1995), the Michigan Supreme Court held that common hazards, such as tripping on ordinary steps or well-exposed changes in floor levels, are so ordinary that they should not be actionable.  Instead, where the danger is known to the plaintiff or is so obvious that the plaintiff should reasonably have discovered the danger, the premises owner owes no duty to protect or warn the plaintiff.  "Only . . . special aspects that give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided will serve to remove that condition from the open and obvious danger doctrine."  Lugo v. Ameritech Corp., 464 Mich. 512, 517 (2001).

In this case Sears had no duty to protect or warn Plaintiff about the chair or the floor because characteristics of the chair and floor would be readily apparent to the ordinarily observant person upon casual inspection.  Not only is the fact that a chair with metal pads can slide on a tile floor open and obvious, it was specifically known to Plaintiff.  According to her deposition, she knew the chair was not bolted down, knew that the chair was not hard to move, knew that there were no rubber pads on the feet of the chair, and knew that it slid easily on the tile floor.  Plaintiff's dep. at 123, 151-52, and 155.  In fact, Plaintiff twice sat in the identical chair next to it before falling while attempting to get on the second chair.  She has testified that she felt the first chair slide on the floor as she got

3

on and off it.  Plaintiff's dep. at 164-65 and 168.  Therefore, Defendant is entitled to summary judgment based on the open and obvious doctrine.

Plaintiff argues that in this case the "effectively unavoidable" exception to the open and obvious doctrine applies.  In Robertson v. Blue Water Oil Co., 268 Mich. App. 588 (2005), a plaintiff was injured while attempting to traverse an icy parking lot.  The court ruled that because a uniform ice storm had blanketed the entire area, the icy condition of the parking lot was "effectively unavoidable" because "there was clearly no alternative, ice-free path from the gasoline pumps to the service station, a fact of which the defendant had been made aware several hours earlier."  Id. at 593-94.  The "effectively unavoidable" exception to the open and obvious doctrine has no application to the facts of this case.

## ORDER

It is hereby **ORDERED** that defendant Sears' February 8, 2007 motion for summary judgment is **GRANTED**.

> s/John Corbett O'Meara
> United States District Judge

Dated:  April 6, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, April 6, 2007, by electronic and/or ordinary mail.

> s/William Barkholz
> Case Manager